UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

TRUSTEES OF THE AMALGAMATED NATIONAL
HEALTH FUND,

            Plaintiffs,

-against-                         **COMPLAINT**

NEW ENGLAND SHIRT CO., LLC,

            Defendant.

Plaintiffs, by their attorney David C. Sapp, complaining of Defendant New England Shirt Co., LLC., respectfully allege as follows:

## NATURE OF ACTION

1.    This is an action by plan fiduciaries to enforce the provisions of a collective bargaining agreement and certain statutory obligations imposed upon Defendant by Section 515 of the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), 29 U.S.C. § 1145.

## JURISDICTION

2.    The jurisdiction of this Court is invoked pursuant to Section 301(a) of the Labor Management Relations Act of 1947, as amended ("LMRA"), 29 U.S.C. § 185(a) and Sections 502(a), (e) and (f) of ERISA, 29 U.S.C. § 1132(a), (e) and (f).

## VENUE

3.    Venue is properly laid in this Court pursuant to Section 301(a) of the LMRA, 29 U.S.C. § 185(a); Section 502(e) (2) of ERISA, 29 U.S.C. § 1132(e) (2); and 28 U.S.C. § 1391(b).

## THE PARTIES

4. Plaintiff Amalgamated National Health Fund ("Health Fund") is an "employee welfare benefit plan" as defined in Section 3(1) of ERISA, 29 U.S.C. § 1002(1). Plaintiff Trustees of the Health Fund are fiduciaries within the meaning of Section 502(a) (3) of ERISA, 29 U.S.C. § 1132(a) (3), as defined in Section 3(21) of ERISA, 29 U.S.C. § 1002(21). The Health Fund maintains its principal administrative offices at 333 Westchester Avenue, White Plains, New York 10604, which is located within the Southern District of New York.

5. Upon information and belief, Defendant New England Shirt Co., LLC (hereinafter "Defendant") is a Massachusetts limited liability company, having or having had its principal place of business at 135 Alden Street, Fall River, Massachusetts 02723.

6. Local 177 of the, New England Joint Board, UNITE HERE ("the Union") is an unincorporated "labor organization" as defined in Section 3(4) of ERISA, 29 U.S.C. § 1002(4). Upon information and belief, the Union and Defendant have been parties to a series of collective bargaining agreements covering all relevant periods herein. Pursuant to said collective bargaining agreements, contributions to Plaintiff Health Fund were and are due to be paid by Defendant.

### AS AND FOR A FIRST CLAIM FOR RELIEF BY PLAINTIFF TRUSTEES OF THE HEALTH FUND AGAINST DEFENDANT

7. Plaintiff Trustees of the Health Fund repeat and reallege each and every allegation contained in paragraphs "1" through "6" of this Complaint with the same force and effect as if set forth at length herein.

8. Contributions to the Health Fund from Defendant for the months of March 2017 through and including May 2017 have not been made and are now due and owing. By reason

2

thereof, Defendant is liable to Plaintiff Health Fund for contributions in the principal amount of $75,018.00 for the period stated.

## AS AND FOR A SECOND CLAIM FOR RELIEF BY
## PLAINTIFF TRUSTEES AGAINST DEFENDANT

9.  Plaintiff Trustees of the Health Fund repeat and reallege each and every allegation contained in paragraphs "1" through "8" of this Complaint with the same force and effect as if set forth at length herein.

10. Defendant is now failing and, upon information and belief, will continue to fail to make contributions to the Health Fund in accordance with the terms and conditions of the Health Fund's Agreement and Declaration of Trust and the collective bargaining agreement between Defendant and the Union unless restrained by the Court.

11. No prior application has been made for the relief requested herein.

**WHEREFORE**, Plaintiffs respectfully pray for an order and judgment:

a.  Directing Defendant to pay contributions to the Amalgamated National Health Fund for the months of March 2017 through and including May 2017 in the sum of $75,018.00; and

b.  Directing Defendant to pay to the Amalgamated National Health Fund interest on the sum set forth in paragraph "(a)" herein, to be computed at an interest rate as prescribed by the Health Fund, pursuant to Section 502(g)(2)(C)(i) of ERISA, 29 U.S.C. § 1132(g)(2)(C)(i); and

c.  Directing Defendant to pay to the Amalgamated National Health Fund liquidated damages, to be computed at a rate as prescribed by the Health Fund, pursuant to Section 502(g)(2)(C)(ii) of ERISA, 29 U.S.C. § 1132(g)(2)(C)(ii); and

  d. Directing Defendant to pay to the Amalgamated National Health Fund the reasonable attorneys' fees and costs of the action, pursuant to Section 502(g)(2)(D) of ERISA, 29 U.S.C. § 1132(g)(2)(D); and

  e. Directing that Defendant be restrained and enjoined permanently from becoming or remaining delinquent in its contributions to the Amalgamated National Health Fund, and ordering Defendant to make such contributions in accordance with the terms and conditions of the Health Fund's rules and regulations and the collective bargaining agreement between Defendant and the Union; and

  f. Granting such other legal and equitable relief as the Court deems appropriate.

Dated: February 2, 2018
   White Plains, New York

**TRUSTEES OF THE AMALGAMATED NATIONAL HEALTH FUND, Plaintiffs**

By: _____
   David C. Sapp (DS5781)

Alicare, Inc.-Fund Administrator
333 Westchester Avenue
North Building-First Floor
White Plains, New York 10604
(914) 367 – 5576
dsapp@amalgamatedlife.com